**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

OLUWASEYI ADEMOLA SADIPE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 17-3010-MWB
(No. CR 14-3065-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

_____

**TABLE OF CONTENTS**

I.    **INTRODUCTION**..............................................................................*2*
    *A.*    *Criminal Proceedings*..............................................................*2*
    *B.*    *Section 2255 Proceedings* .......................................................*4*
II.   **LEGAL ANALYSIS** ........................................................................*4*
    *A.*    *General Standards For § 2255 Relief*.......................................*4*
        *1.*    *Grounds for § 2255 relief*..............................................*4*
        *2.*    *Standards for an evidentiary hearing*..............................*6*
    *B.*    *Petitioner's Claims* ................................................................*7*
        *1.*    *Standards for ineffective assistance claims*.......................*7*
        *2.*    *Failure to contest the jurors selected by the prosecution* .................................................................. *11*
            *a.*    *Arguments of the parties* ...................................... *11*
            *b.*    *Analysis*............................................................. *11*
        *3.*    *Failure to object to a prosecution exhibit*......................... *13*
            *a.*    *Arguments of the parties* ...................................... *13*
            *b.*    *Analysis*............................................................. *14*
        *4.*    *Failure to spend enough time with Sadipe*........................ *14*
            *a.*    *Arguments of the parties* ...................................... *14*
            *b.*    *Analysis*............................................................. *15*
        *5.*    *Failure to properly cross-examine a witness* ........................ *16*

         *a.*      *Arguments of the parties* ………………………………… *16*
         *b.*      *Analysis* …………………………………………………… *17*
    *C.*      *Certificate Of Appealability* ……………………………………… *18*
**III.**    **CONCLUSION** …………………………………………………… *19*

This case is before me on petitioner Oluwaseyi Ademola Sadipe's February 13, 2017, *pro se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion). In his *pro se* § 2255 Motion, Sadipe seeks relief based on various allegations of ineffective assistance of counsel, but his appointed *habeas* counsel has filed a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), stating counsel's belief that Sadipe's claims are without merit. The respondent also denies that Sadipe is entitled to any relief on his claims.

## I. INTRODUCTION
### A. Criminal Proceedings

On December 2, 2014, Sadipe was indicted as the sole defendant in a five-count Indictment. **Count 1** of the Indictment charged Sadipe with misuse of a Social Security account number in violation of 42 U.S.C. § 408(a)(7)(B). **Count 2** charged Sadipe with aggravated identity theft involving transfer, possession, and use of a means of identification, specifically, a social security number, of another actual person, in violation of 18 U.S.C. § 1028A(a)(1). **Counts 3** through **5** charged Sadipe with separate counts of making false claims of United States citizenship, in violation of 18 U.S.C. § 911. An attorney from the Federal Defender's Office was appointed to represent him. At his

initial appearance and arraignment on December 10, 2014, Sadipe pleaded not guilty to the charges against him.

Although the prosecution made a plea offer, which Sadipe's counsel discussed with him and recommended he accept, Sadipe proceeded to a jury trial on February 9, 2015. All exhibits were pre-admitted at a pre-trial conference, although I directed that pages 19 and 20 of the prosecution's Exhibit 2 be deleted. Sadipe points out that all the potential jurors in the pool were Caucasian. During *voir dire*, one prospective juror stated that a black man stole the juror's credit card and that the juror was a victim of identity theft. The juror was not excused for cause nor did either party use a peremptory strike to remove him. The parties do not dispute that the prosecution exercised six peremptory strikes, while Sadipe's counsel exercised ten. Presentation of evidence was completed on February 9, 2015. Prior to closing arguments on February 10, 2015, Sadipe addressed the court personally, outside the presence of the jury, to express some of his concerns about the trial. I advised Sadipe to hold his arguments until the conclusion of the trial. The jury heard closing arguments on February 10, 2015, and later that day returned a guilty verdict on all five charges against Sadipe.

Sadipe's sentencing hearing was on June 1, 2015. I sentenced Sadipe to one month on **Counts 1**, **3**, **4**, and **5**, to be served concurrently, and 24 months, the mandatory minimum sentence, on **Count 2**, to be served consecutively to all other counts.

Sadipe filed a Notice of Appeal on June 15, 2015, but on March 11, 2016, the Eighth Circuit Court of Appeals affirmed the conviction and judgment, finding sufficient evidence to support Sadipe's conviction on all five counts. The Eighth Circuit Court of Appeals declined to consider Sadipe's "unspecified and unpreserved pro se arguments challenging pretrial matters and voir dire, and the record is not adequately developed to address his broad and undeveloped claim of ineffective assistance of counsel." Opinion, 2, reported at *United States v. Sadipe*, 638 F. App'x 547, 548 (8th Cir. 2016).

### B. Section 2255 Proceedings

As I noted, above, Sadipe filed his *pro se* § 2255 Motion on February 13, 2017, in which he asserted four claims of ineffective assistance of counsel. In an Initial Review Order, filed February 14, 2017, I directed that counsel be appointed to represent Sadipe, and I also directed the respondent to file an answer or other appropriate response to Sadipe's § 2255 Motion. The respondent filed its Answer on March 27, 2017, denying Sadipe's claims. Consequently, on April 21, 2017, I set a briefing schedule on Sadipe's § 2255 Motion.

On August 10, 2017, Sadipe's *habeas* counsel filed an *Anders* brief stating *habeas* counsel's belief that Sadipe's claims are without merit. That same day, *habeas* counsel filed a motion requesting that Sadipe be permitted sufficient time to submit a *pro se* brief in this matter. I granted that request by Order dated August 21, 2017, and set deadlines for Sadipe to file any *pro se* brief, for the respondent to file a responsive brief, and for Sadipe to file any reply brief. Sadipe did not file any *pro se* brief. The respondent filed its responsive brief on October 3, 2017. Sadipe did not file any reply brief.

## II. LEGAL ANALYSIS
### A. General Standards For § 2255 Relief
#### 1. Grounds for § 2255 relief

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id.* (quoting

*United States v. Addonizio*, 442 U.S. 178, 185 (1979). Specifically, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, § 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Sun Bear*, 688 F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185, in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *accord Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In addition, where an issue was raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013). Also, where a claim was not raised on direct appeal, it generally may not be raised in a § 2255 motion. *Walking Eagle*, 742 F.3d at 1082. A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner

establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076, in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076)).

Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, to the extent that Sadipe's counsel has briefed ineffective assistance of counsel claims, those claims are properly and timely presented in § 2255 proceedings.

### 2. *Standards for an evidentiary hearing*

One further procedural matter that is often of considerable importance in § 2255 proceedings is the standard for an evidentiary hearing. As the Eighth Circuit Court of Appeals has explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)]. "The district court is not permitted to make a credibility determination on the affidavits alone." *Id*. at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "'[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which

6

[the claim] is based."'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). On the other hand,

> [The district court] may . . . deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." [*Thomas*, 737 F.3d] at 1206–07 (alterations in original) (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013). The district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *Sellner*, 773 F.3d at 929; *see also United States v. Frausto*, 754 F.3d 640, 642 (8th Cir. 2014) (explaining that, to determine whether the district court abused its discretion in denying an evidentiary hearing, the court must review de novo the validity of a petitioner's § 2255 claims).

Here, I conclude that no evidentiary hearing is required. I find that Sadipe's claims of ineffective assistance of counsel are contradicted by the record, but even if his allegations are true, they would not entitle him to any relief, *Sellner*, 773 F.3d at 929-930, as I will explain more fully, below.

### B. *Petitioner's Claims*
#### 1. *Standards for ineffective assistance claims*

All of Sadipe's claims for § 2255 relief are based on ineffective assistance of counsel. Therefore, I will summarize the standards for such claims, here.

7

Not only does ineffective assistance of counsel establish "cause and prejudice" to overcome procedural default, in my experience, such claims are far and away the most common claims for § 2255 relief. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel not only at trial, but at sentencing, on direct appeal, and during other "critical" phases of the criminal proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (negotiation of a plea bargain); *Burger v. Kemp*, 483 U.S. 776, 803–04 (1987) (pretrial plea negotiations); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (direct appeal); *Gardner v. Florida*, 430 U.S. 349, 358 (1977) (sentencing). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010).

As the Eighth Circuit Court of Appeals has explained,

> "Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014). These two prongs require some further explication.

"Deficient" performance is performance that falls "'below an objective standard of reasonableness,'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)), that is, conduct that failed to conform to the degree

of skill, care, and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Thus, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687)). Counsel is not ineffective, however, for failing to pursue a motion that he reasonably believes would be futile. *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at [112].

*Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). As the Eighth Circuit Court of Appeals has explained, however,

> [P]rejudice may be presumed when the defendant experiences a "complete denial of counsel" at a critical stage of his trial. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "[T]he trial is the paradigmatic critical stage." *United States v. Turner*, 975 F.2d 490, 496 (8th Cir.1992).

*Sweeney*, 766 F.3d at 859-60.

9

The Supreme Court also explained in *Strickland*,

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, *there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one*. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697 (emphasis added). Thus, a court reviewing an ineffective assistance of counsel claim may start with either prong of the analysis, and deny the claim on the basis of an inadequate showing on that prong, without reaching the other prong. *Hyles v. United States*, 754 F.3d 530, 533 (8th Cir. 2014) ("Failure to establish either prong of *Strickland* 'is fatal to a claim of ineffective assistance.'" (quoting *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013)).

Sadipe asserts four claims of ineffective assistance of counsel: (1) that his trial counsel failed to contest and object to the jurors selected by the prosecution; (2) that his trial counsel failed to suppress the prosecution's Exhibit 2; (3) that his trial counsel failed to spend enough time with him to prepare for trial; and (4) that his trial counsel failed to properly cross-examine a prosecution witness to demonstrate that the witness lied when he testified that Sadipe came to Waterloo, Iowa, to fill out paperwork for a job. I will consider these claims in turn.

### 2. *Failure to contest the jurors selected by the prosecution*
#### a. *Arguments of the parties*

As to Sadipe's first claim, Sadipe's *habeas* counsel admits that there is no procedure for a criminal defendant's counsel to compel the prosecution either to strike or select a particular juror. *Habeas* counsel also argues that Sadipe's trial counsel had the benefit of Sadipe's statements of his concerns about particular members of the venire panel, so that trial counsel made informed choices about the exercise of peremptory strikes. Thus, *habeas* counsel concludes that Sadipe's trial counsel's performance did not fall outside the standards of effective assistance and that the record does not support any contention that Sadipe was prejudiced by trial counsel's performance in this respect.

The respondent argues that, to the extent that Sadipe is challenging the underrepresentation of minorities in the jury pool, that claim fails, because the Northern District of Iowa draws potential jurors from voter registration lists, as well as motor vehicle operators and non-driver identification card holders. The respondent argues that the Eighth Circuit Court of Appeals has consistently upheld selection of potential jurors from such lists. The respondent also argues that the prosecution exercised six strikes and Sadipe's trial counsel exercised ten, and that Sadipe's complaints about failure to strike a juror who made "racial comments" is vague. Thus, the respondent argues that Sadipe cannot show either deficient performance of his trial counsel or any actual bias of any juror.

#### b. *Analysis*

As the Eighth Circuit Court of Appeals has explained,

> "[T]he American concept of the jury trial contemplates a jury drawn from a fair cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 527, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). In *Duren [v. Missouri*, 439 U.S. 357 (1979)], the Supreme Court held that "systematic exclusion" of women

>   from jury venires violates the constitution's fair cross-section requirement. *Duren*, 439 U.S. at 360, 99 S.Ct. 664. To establish a *Duren* violation, [a defendant] must show:
>
>> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
>
> *Id*. at 364, 99 S.Ct. 664.

*United States v. Rodriguez*, 581 F.3d 775, 790 (8th Cir. 2009). Here, Sadipe has failed to present evidence that there was an "systemic exclusion" of minorities from jury venires in the Northern District of Iowa based merely on his observation that there were no minorities in the jury pool. *See United States v. Horton*, 756 F.3d 569, 578 (8th Cir. 2014). The Eighth Circuit Court of Appeals has upheld jury selection plans, such as the one in this district, which draw the pool of prospective jurors from lists of persons who voted in the last presidential election. *See United States v. Greatwalker*, 356 F.3d at 908, 911 (8th Cir. 2011) (per curiam). Thus, trial counsel did not perform deficiently by not raising a frivolous or futile claim that the jury pool did not represent the community, based on nothing more than the lack of minorities in Sadipe's jury pool. *Anderson*, 762 F.3d at 794 (holding counsel is not required to make a futile motion or objection). There is also not the merest hint of a showing of prejudice.

Furthermore, trial counsel did not perform deficiently in not challenging the juror who stated that a black man had stolen his credit card. On this part of Sadipe's claim, the question is, "[w]hether, in light of the information *available to trial counsel*, counsel should have further investigated" the potential for juror bias. *White v. Dingle*, 757 F.3d 750, 753 (8th Cir. 2014). The only evidence in the record is that the court and the parties

believed, after *voir dire*, that the juror could be impartial, where neither the court nor the parties sought to remove the juror for cause, nor did any party remove the juror by peremptory strike. *See Strickland*, 466 U.S. at 687 ("deficient performance" is the first prong of an ineffective assistance claim). Furthermore, there is no hint of prejudice on this part of Sadipe's claim, because Sadipe's speculation of prejudice is without evidentiary support. *White*, 757 F.3d at 755 (rejecting a claim of prejudice based on mere speculation of juror bias); *see also Strickland*, 466 U.S. at 687 ("prejudice" is the second prong of an ineffective assistance claim).

Sadipe is not entitled to any relief on his first claim of ineffective assistance of counsel.

### *3. Failure to object to a prosecution exhibit*

Next, Sadipe contends that his trial counsel was ineffective, because he failed to object to the admission of the prosecution's Exhibit 2. More specifically, Sadipe's *habeas* counsel explains that Sadipe objects to pages 15 through 21 of that exhibit, which relate to Sadipe's attempt to secure a car loan, because they are irrelevant. As noted, above, no objection was necessary at trial, because all the trial exhibits had been admitted at the pre-trial conference, after I specifically directed that pages 19 and 20 of the prosecution's Exhibit 2 must be deleted.

#### *a. Arguments of the parties*

Sadipe's *habeas* counsel argues that Sadipe's trial counsel did not have any reason to object to the parts of the exhibit in question, because the information they contained was not presented to prove anything about the car loan itself, but to show that Sadipe had used a different Social Security number when he applied for a checking account. Thus, *habeas* counsel argues that trial counsel did not perform deficiently by failing to raise a frivolous objection to this evidence.

The respondent argues that, prior to trial, the parties made arguments about the admissibility of Exhibit 2 pursuant to Rule 404(b) of the Federal Rules of Evidence, and I ruled that two pages of that exhibit must be deleted. The respondent argues that the part of Exhibit 2 that Sadipe now challenges was relevant to support testimony of a prosecution witness, a bank employee, that the Social Security number shown on Sadipe's car loan application was different from the one he provided when he opened a new checking account. The respondent argues that the fact that I did not exclude Exhibit 2 in its entirety does not show that Sadipe's trial counsel performed deficiently, nor has Sadipe shown any prejudice from admission of the parts of Exhibit 2 that I allowed.

### b. Analysis

Here, Sadipe cannot show that his trial counsel performed deficiently, where trial counsel challenged the exhibit in question, and I determined what parts of the exhibit were admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. *See Strickland*, 466 U.S. at 687 ("deficient performance" is the first prong of an ineffective assistance claim). Sadipe has done nothing more than reiterate an objection to certain pages of the exhibit that I found were admissible. Furthermore, there is no hint of prejudice on this claim, because the evidence was properly admitted. *See Strickland*, 466 U.S. at 687 ("prejudice" is the second prong of an ineffective assistance claim).

Sadipe is not entitled to any relief on his second claim of ineffective assistance of counsel.

### 4. *Failure to spend enough time with Sadipe*
### a. *Arguments of the parties*

Sadipe's third claim of ineffective assistance of counsel is that trial counsel failed to spend enough time with him to prepare adequately for trial. Although Sadipe's *habeas* counsel concedes that there is no evidence of exactly how much time trial counsel spent with Sadipe, the record does show that trial counsel discussed the prosecution's plea offer

14

with him and encouraged him, on more than one occasion, to take that plea offer. *Habeas* counsel also argues that the record is clear that Sadipe wanted to go to trial and wanted trial counsel to request a continuance so that trial counsel could spend more time with Sadipe to prepare for trial, but trial counsel did not request such a continuance at that time. *Habeas* counsel points out that trial counsel had requested a continuance just days earlier, because he had another trial in the Southern District of Iowa scheduled the week after Sadipe's trial, but the court had denied that motion to continue for lack of good cause. Thus, *habeas* counsel argues, trial counsel did not perform deficiently by not asserting another motion to continue, which would have been futile after his earlier motion had been denied. *Habeas* counsel also notes that Sadipe has not pointed to anything demonstrating that trial counsel was not ready for trial, so that he cannot demonstrate prejudice.

The respondent also argues that trial counsel was not deficient in failing to file another motion for a continuance when there was no reasonable probability that the motion would have been successful. The respondent argues that there was no reasonable probability, here, because the court had already denied an earlier motion for a continuance. The respondent also agrees with *habeas* counsel that Sadipe has not offered any specifics about how his trial counsel failed to prepare adequately for trial, even though trial counsel had advised Sadipe to take the plea offer. The respondent points out that trial counsel challenged evidence and vigorously cross-examined witnesses.

        b.     *Analysis*

This is an instance in which Sadipe has not overcome the strong presumption that trial counsel's performance was reasonable. *See, e.g., Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). A strategic choice, such as the decision not to seek a continuance, is virtually unchallengeable, at least where there is not the merest hint that it was based on deficient investigation. *Cf. Link v. Luebbers*, 469 F.3d 1197, 1204 (8th

Cir. 2006) (explaining that strategic decisions are virtually unchallengeable unless based on deficient investigation); *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992) ("Generally, motions for a continuance pertain to trial tactics or conduct of the trial process and are largely left to trial counsel's discretion. Courts will rarely interfere with or second-guess such motions unless counsel's action is so prejudicial as to make the trial unfair."). Sadipe has not pointed to any evidence that suggests that trial counsel was ill-prepared for trial and, I conclude from trying the case, that trial counsel was well-prepared and professional, reasonably challenged evidence, and effectively cross-examined witnesses. Thus, I find nothing suggesting either "deficient performance" or "prejudice" to support this claim. *See Strickland*, 466 U.S. at 687.

Sadipe is not entitled to any relief on his third claim of ineffective assistance of counsel.

### 5. *Failure to properly cross-examine a witness*

Sadipe's final claim is that his trial counsel provided ineffective assistance by failing to properly cross-examine a prosecution witness, Jamy Smith, to demonstrate that the witness lied when he testified that Sadipe came to Waterloo, Iowa, to fill out paperwork for a job. Sadipe contends that he never went to Waterloo; rather, he argues that Mr. Smith's supervisor provided the forms to Sadipe to fill out, then forwarded them to Mr. Smith.

#### a. *Arguments of the parties*

Sadipe's *habeas* counsel argues that trial counsel did challenge Mr. Smith's testimony that he personally met with Sadipe in Waterloo by asking if he met Sadipe in Mason City and if any other employee assisted him in obtaining Sadipe's paperwork. *Habeas* counsel points out that, in response to these questions, the record shows that Mr. Smith testified that he met with Sadipe, in person, in Waterloo. *Habeas* counsel argues that Sadipe claims he asked his counsel to obtain security camera footage of the

mall in Mason City on the day he allegedly filled out the paperwork, but nothing in the record shows that Sadipe ever made such a request of his trial counsel. *Habeas* counsel acknowledges, however, that the critical question for the charge against Sadipe was whether he falsely represented on the I-9 form in question that he was a United States citizen, not where the paperwork was allegedly completed.

The respondent argues that cross-examination techniques are matters of trial strategy entrusted to counsel's discretion and, here, the record shows that trial counsel cross-examined Mr. Smith on where and whether he personally met with Sadipe to complete the paperwork in question. Thus, the respondent argues that, under the circumstances, trial counsel did not perform deficiently. Moreover, the respondent argues, Sadipe has not shown any prejudice.

        b. *Analysis*

This is another instance in which Sadipe has not overcome the strong presumption that trial counsel's performance was reasonable. *See, e.g., Middleton*, 455 F.3d at 846. Trial counsel did reasonably cross-examine Mr. Smith on the issue that Sadipe identifies, so that I cannot find that trial counsel performed deficiently. Nor has Sadipe identified any evidence of when he supposedly indicated to his trial counsel that there was or might be some evidence to confirm that he was not in Waterloo, but in Mason City, when he allegedly completed the paperwork in question. *Strickland*, 466 U.S. at 687 (explaining that the first prong of an ineffective assistance claim is "deficient performance"). Furthermore, the issue that was critical to the determination of Sadipe's guilt or innocence on the charge in question was not where he completed the paperwork, but whether he falsely represented in that paperwork that he was a United States citizen. He has pointed to nothing to disprove that he misrepresented his citizenship, so he cannot show prejudice. *Id*. (explaining that "prejudice" is the second prong of an ineffective assistance claim).

Thus, Sadipe is not entitled to any relief on this claim of ineffective assistance of counsel.

### C. *Certificate Of Appealability*

Denial of all of Sadipe's claims for § 2255 relief raises the question of whether or not he is entitled to a certificate of appealability on those claims. In order to obtain a certificate of appealability on those claims, Sadipe must make a substantial showing of the denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude that Sadipe has failed to make a substantial showing that any of his claims are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to all of Sadipe's claims. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El*, 537 U.S. at 335-36; *Cox*, 133 F.3d at 569.

## *III.    CONCLUSION*

Upon the foregoing,

1. Petitioner Oluwaseyi Ademola Sadipe's February 13, 2017, *pro se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) is **denied in its entirety**;

2. This matter is **dismissed in its entirety**; and

3. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 2nd day of February, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA